UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWIN BETANCO VAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>Respondents. | Case No. 1:26-cv-00424-BLW<br><br>**ORDER** |

Pending before the Court is Petitioner Edwin Betanco Vazquez's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a native and citizen of Honduras. He fled Honduras after an association of farmers attacked his family and his home, and later fled Mexico after the Cartel de Jalisco Nueva Generacion kidnapped and threatened him for refusing to work with the cartel while he was

employed as a police officer. He has resided in the United States since April 2016. *Petition* ¶ 1, Dkt. 1. On December 7, 2022, he filed an affirmative asylum application with U.S. Citizenship and Immigration Services (USCIS). He was still awaiting his asylum interview when he was detained on July 7, 2026. *Id.* ¶ 2.

Petitioner alleges, on information and belief, that aside from citations for traffic offenses, his criminal history consists of two convictions for driving under the influence—one in December 2019 and one in October 2022—and a probation violation occurring in October 2024. *Case Information Sheets,* Dkts. 1-3, 1-4. Notably, Petitioner was not detained upon his release from criminal custody, or even shortly thereafter. Petitioner is the sole provider for his wife and two U.S. citizen children, ages three years and three months. His wife is a homemaker who provides full-time care for the children and is therefore unable to work. The children rely on Petitioner for both emotional and financial support. *Petition* ¶ 3, Dkt. 1.

Petitioner is now detained at the Elmore County Jail in Mountain Home, Idaho. *Id.* ¶ 4. He contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have determined that he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 6–10. Petitioner has also filed a Motion for Temporary Restraining Order. *See* Dkt. 2.

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court will therefore order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

Every district judge in the District of Idaho has explained his or her disagreement with DHS's interpretation of § 1225, and the District's collective analysis is consistent with the majority of courts throughout the country. The Court does not intend to change course unless and until a binding court orders otherwise. Thus, the Court anticipates granting the Petition and releasing Petitioner. That said, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should come out differently. The Court does not, however, need extensive briefing on the interplay between § 1225 and § 1226—it knows the parties' positions, and a statement or summary paragraph on that issue will suffice. The parties should instead focus their briefs on the specific facts of this case.

**ORDER**

**IT IS ORDERED that**:

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and to Petitioner's Motion for Temporary Restraining Order (Dkt. 2) no later than ***July 15, 2026***.

2. Petitioner shall have an opportunity to file a reply no later than ***July 17, 2026***.

3. Service of the Petition, Motion for Temporary Restraining Order, and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by ***July 10, 2026,*** and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorneys' Office for the District of Idaho via email to this email address: USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, the Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of the Court.

6. To further preserve the status quo, and to protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings without the presence of counsel.

DATED: July 10, 2026

B. Lynn Winmill
U.S. District Court Judge